UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY BENDER, | Case No. 2:18-CV-663 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant(s). | |

Presently before the court is defendant Clark County School District's ("CCSD") motion for attorneys' fees. (ECF No. 21). Plaintiff Kimberly Bender ("plaintiff") filed a response (ECF No. 29), to which defendant replied (ECF No. 30).

**I.   Facts**

The parties are already familiar with the underlying facts of this case. *See* (ECF No. 19). Therefore, the court need not recite them again, herein. However, the court will provide a brief summary of the procedural history that has led to the instant motion.

Plaintiff initiated this 42 U.S.C. § 1983 employment civil rights action on April 12, 2018. (ECF No. 1). Through this action, plaintiff sought backpay and reinstatement to her job as a teacher for CCSD, from which she was terminated. *Id.* On December 17, 2018, the court granted defendant's motion for summary judgment on the basis that plaintiff's claims were time-barred by the applicable statute of limitations.[1] (ECF No. 19).

---

[1] Although the parties disputed the date upon which plaintiff's employment with CCSD was officially terminated, the court ultimately found that plaintiff's termination date was April 10, 2014. *Id.* Because the statute of limitations for civil rights claims arising under § 1983 is two years, the court held that plaintiff was required to initiate the instant action no later than April 10, 2016. *Id.*

**James C. Mahan**
**U.S. District Judge**

Thereafter, on December 19, 2018, CCSD filed the instant motion for attorneys' fees, which the court now considers. (ECF No. 21).

## II. Legal Standard

42 U.S.C. § 1988(b) authorizes a court to award "reasonable" attorneys' fees to the prevailing party in an action under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). A prevailing defendant in a § 1983 civil rights action is entitled to attorney's fees award where the plaintiff's claims, even though not brought in subjective bad faith, are "frivolous, unreasonable, or without foundation." *Parks v. Watson*, 716 F.2d 646, 664 (9th Cir. 1983) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.* "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34. Thus, the "court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460-61 (D. Nev. 1995).

Local Rule 54-14(b)(3) specifically identifies the information that a party must submit to a trial court in this district for the court's consideration of a motion for attorneys' fees. These thirteen items are as follows:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(b)(3). *See also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992).

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

CCSD asserts that it is entitled to attorneys' fees because it should have been obvious to plaintiff that her claims were time-barred by the applicable statute of limitations, and thus that her action was frivolous and meritless. (ECF No. 21). CCSD further argues that plaintiff's claims were substantively meritless in addition to their being time-barred, thereby providing the court with another basis upon which to grant its motion for fees.

While the court recognizes that plaintiff failed to demonstrate that she timely filed the instant suit, it does not find that plaintiff brought her claims frivolously. Rather, the court finds that, while plaintiff's interpretation of the law regarding the date upon which her claims vested was misguided, her argument as to this issue was made in good faith. Indeed, plaintiff received conflicting information regarding the date of her official termination from CCSD, which would have impacted the date upon which her claims vested had her interpretation of the law been correct. *See* (ECF No. 19). Ultimately, however, the court concluded that her claims vested on April 10, 2014, as a matter of law, and granted dismissal in favor of CCSD on that basis. *Id.*

Moreover, because the court was able to dispose of the instant suit based solely on the applicable statute of limitations, the court declines the opportunity to revisit the merits of plaintiff's underlying claims at the attorneys' fees stage in these proceedings. Indeed, the court did not reach the merits of plaintiff's claims in its order granting dismissal in favor of CCSD. *Id.* Thus, the record does not reflect that plaintiff's claims were "frivolous, unreasonable, or without foundation." *See Parks*, 716 F.2d at 664 (citation omitted).

Finally, the court finds that CCSD's discussion of the Local Rule 54-14 factors is insufficient to grant an award of attorneys' fees. *See* (ECF No. 21). Rule 54-14 provides that, "[u]nless the court orders otherwise, a motion for attorney's fees must include . . . a brief summary of" the fourteen factors set forth therein. LR 54-14(b). Instead, CCSD merely asserts that "excellent results were achieved," and submits that its attached declaration sets forth the basis for the hourly rate and hours requested. (ECF No. 21 at 4). Without more, the court is unable to determine an appropriate award of fees.

For the foregoing reasons, CCSD's motion is denied.

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CCSD's motion for attorneys' fees (ECF No. 21) be, and the same hereby is, DENIED.

DATED May 24, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**